**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                          CASE NO.  8:07-cr-368-T-26

MELVIN OMAR VELEZ-SANTOS
_____/

**O R D E R**

Defendant, through counsel, has filed a Motion to Correct Sentence based on Federal Rule of Criminal Procedure 52(b).  After due and careful consideration of the procedural history of this case, the Court concludes that the motion is due to be denied without the need for a response from the Government.[1]

Defendant claims that the Court erroneously calculated his advisory sentencing guideline range by adding 10 levels for 200 or more firearms when in fact the number of firearms was less than 200.  Defendant contends he should have only been assessed an 8-level enhancement thus reducing his advisory guideline range from 235-293 months to 188-235 months.  As a consequence of this error, Defendant argues he is entitled to be resentenced.

---

[1]   Because I sentenced Defendant, United States District Judge Mary Scriven transferred the case to me for resolution of the motion.

Defendant's counsel relies on the very recent Supreme Court case of Rosales-Mireles v. United States, 138 S. Ct. 1897 (2018) in support of his argument that Defendant is required to be resentenced. Defendant's counsel's reliance on Rosales-Mireles is misplaced. In that case, the Supreme Court instructed the federal circuit courts of appeals that when a miscalculation under the United States Sentencing Guidelines has been determined to be plain error affecting a defendant's substantial rights, then those courts have the discretion in a *direct appeal* to utilize the plain error standard of Rule 52(b) to vacate a defendant's sentence. Id., 138 S. Ct. at 1903. Additionally, there is nothing in the text of the opinion reflecting the Supreme Court's intention that its holding should be made retroactive to a defendant seeking collateral review of a sentence based on a sentencing guideline miscalculation.

In this case, the record indisputably reflects that Defendant sought direct appellate review of his sentence,[2] later dismissing that appeal,[3] and also unsuccessfully sought collateral review of his sentence pursuant to 28 U.S.C. § 2255.[4] Furthermore, because Defendant is in reality collaterally attacking his sentence through this motion, the exclusive procedural mechanism to do so is a motion to vacate under § 2255. See Antonelli v. Warden, U.S.P. Atlanta, 542 F. 3d 1348, 1351 n.1 (11th Cir. 2008) (noting

---

[2] See docket 307.

[3] See docket 364.

[4] See case number 8:11-cv-449, dockets 1, 24, and 42.

that "[i]t is also clear that a § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so."). Consequently, Defendant's motion is more properly construed as a motion seeking relief under § 2255. As so construed, it is due to be denied because it is a successive motion to vacate filed without first obtaining the approval of the Eleventh Circuit Court of Appeals, thus depriving this Court of subject matter jurisdiction to rule on the merits of the motion. See Farris v. United States, 333 F. 3d 1211, 1216 (11th Cir. 2003).

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Correct Sentence (Dkt. 413) is denied.

**DONE AND ORDERED** at Tampa, Florida, on November 1, 2018.


    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


COPIES FURNISHED TO:
Counsel of Record